**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSE R. PACAS; WILLIAM GOLDSTON;
GWENDA MOORE; MARIA ELENA
ORELLANA; BETTY JO CUMMING, all
of the foregoing for themselves and
all other persons similarly situated,
<u>Plaintiffs-Appellants,</u>

No. 95-1811

v.

SHOWELL FARMS, INCORPORATED,
d/b/a Mid-State Farms,
Incorporated,
<u>Defendant-Appellee.</u>

JOSE R. PACAS; WILLIAM GOLDSTON;
GWENDA MOORE; MARIA ELENA
ORELLANA; BETTY JO CUMMING, all
of the foregoing for themselves and
all other persons similarly situated,
<u>Plaintiffs-Appellants,</u>

No. 95-2784

v.

SHOWELL FARMS, INCORPORATED,
d/b/a Mid-State Farms,
Incorporated,
<u>Defendant-Appellee.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-93-546-5-BO)

Argued: March 5, 1996

Decided: April 22, 1996

Before WILKINSON, Chief Judge, and LUTTIG and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion. Judge Michael wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Robert James Willis, Raleigh, North Carolina, for Appellants. Arthur Mortimer Brewer, SHAWE & ROSENTHAL, Baltimore, Maryland, for Appellee. **ON BRIEF:** Carlene McNulty, NORTH STATE LEGAL SERVICES, Hillsborough, North Carolina, for Appellants Goldston, Moore & Cumming. Patrick M. Pilachowski, SHAWE & ROSENTHAL, Baltimore, Maryland; John H. Culver, III, KENNEDY, COVINGTON, LOBDELL & HICKMAN, L.L.P., Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, Jose R. Pacas, William Goldston, Gwenda Moore, Maria Elena Orellana, Betty Jo Cumming, and other similarly situated persons, filed the instant action in the United States District Court for the Eastern District of North Carolina against their employer, Showell Farms, Inc. ("Showell"), alleging that Showell violated the Fair Labor Standards Act and parallel state statutes by using a "master card system" to determine the number of hours appellants worked at Sho-

2

well's Siler City plant located within the Middle District of North Carolina. Showell filed a motion to dismiss for improper venue, arguing that it did not have sufficient minimum contacts with the Eastern District to establish venue. Appellants responded that venue was proper in the Eastern District, but also requested a transfer to the Middle District if the court determined that venue did not lie in the Eastern District. The district court dismissed the case on the grounds that venue was improper, and rejected appellants' Rule 59(e) motion to alter or amend judgment and Rule 60(b) motion for relief from judgment. Additionally, the district court awarded Showell costs in the amount of $ 5,692.85 pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in relevant part that,"costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

Appellants appeal the decision to award Showell costs, arguing that the district court erred in determining that venue did not lie in the Eastern District, abused its discretion in refusing to transfer the case to the Middle District if venue was improper in the Eastern District, and abused its discretion in awarding costs to Showell as the prevailing party. Finding no error, we now affirm.

I.

Appellants first argue that the district court erred in dismissing the case for improper venue. Under 28 U.S.C. § 1391(b), a plaintiff can bring a civil action in any judicial district where the defendant resides. Section 1391(c) provides that, for venue purposes, a corporation resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced," and that if a state has more than one district, then a corporation resides within any district in which the contacts were sufficient to establish personal jurisdiction if that district were a separate state. Since the events giving rise to the instant action took place at Showell's Siler City plant which is located within the Middle District of North Carolina, the appropriate inquiry in this case is whether Showell has sufficient contacts to establish general personal jurisdiction in the Eastern District of North Carolina.

Before a court can exercise in personam jurisdiction over a defendant, that defendant must have "certain minimum contacts with [the

district] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). To exercise general jurisdiction and satisfy the due process clause, a defendant's contacts with the district must be "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). However,"[e]ven `continuous activity of some sorts [by a corporation] within a state is not enough to support [general jurisdiction].'" Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993) (quoting International Shoe, 326 U.S. at 318).

Appellants have failed to make out a prima facie case that venue was proper in the Eastern District of North Carolina, as Showell does not have the requisite minimum contacts with the Eastern District. The Showell plant at which the appellants worked, and where the conduct occurred that forms the basis for their complaint, is located within the Middle District of North Carolina. Showell's main (and possibly only) contact with the Eastern District is the sale of some chicken processed in the Middle District to Hardee's Corporation, which generally took possession of the chicken in the Middle District and used its own trucks to transport the chicken to its two warehouses in the Eastern District. Cf. Helicopteros Nacionales, 466 U.S. at 417-18 (holding that mere purchases, even if at regular intervals, are insufficient to establish general jurisdiction and that sending personnel into the state for training related to those purchases was of no added significance). While there is some dispute as to the exact percentage of chicken sold to Hardee's, it represented an insignificant portion of Showell's overall sales. Moreover, sales to other customers within the Eastern District were minimal, if there were any, at the time this suit was filed. In the absence of any sort of distribution network, sales force, or other substantial presence within the Eastern District, sales to a single customer who generally transports the product into the Eastern District on its own trucks, along with occasional use of interstate highways within the Eastern District, does not constitute the requisite minimum contacts necessary to satisfy "fair play and substantial justice" and to establish general jurisdiction for a suit not related to the sale of that product. See, e.g., L.H. Carbide Corp. v. Piece Maker Co., 852 F. Supp. 1425 (N.D.Ind. 1994) (finding venue improper

4

despite regular visits to the forum by a representative and sales totaling 8% of revenue the previous year).

Perhaps recognizing their error, appellants contend that even if venue is improper in the Eastern District, the district court abused its discretion in refusing to transfer this action to the Middle District. See 28 U.S.C. § 1406(a) (allowing a court to transfer a case filed in the wrong district "if it be in the interest of justice"). As appellants' counsel candidly conceded at oral argument, this action was filed in the Eastern District because counsel has an office near the headquarters of the Eastern District. Given that at the time this suit was filed, appellants knew that venue was most assuredly proper in the Middle District but at best questionable in the Eastern District, it cannot be said that the district court abused its discretion in refusing to transfer the case to the Middle District. See Nichols, 991 F.2d at 1200-02 (holding that it is not an abuse of discretion to deny a motion to transfer under section 1406(a) when the plaintiff's attorney could reasonably foresee that the forum in which the suit was originally filed was improper).

II.

Finally, appellants argue that even if Showell properly prevailed on the motion to dismiss for improper venue, the district court abused its discretion in awarding fees to Showell under Rule 54(d)(1). Appellants' primary contention is that the district court failed to consider the settlement of a related action in the Middle District of North Carolina which encompassed the plaintiffs in the Eastern District litigation as well as the plaintiffs in the Middle District action.

Prior to the district court's ruling that Showell was entitled to $ 5,692.85 in costs pursuant to Rule 54(d)(1) (but after the court had granted Showell's motion to dismiss), 16 of the 53 appellants in the instant action filed, and "full[y] and final[ly] settled," a similar (if not identical) action against Showell in the Middle District of North Carolina. Under the Middle District settlement, plaintiffs in both the Middle and Eastern District actions obtained some recovery, with the

5

parties agreeing to negotiate about attorneys' fees and costs. See Appellee's Br. at 1; J.A. at 76-78.*

The district court did not abuse its discretion in failing to consider the Middle District settlement agreement in its determination of prevailing party status and in its calculation of costs in the case sub judice. Unlike in the cases cited by appellants in which courts have jointly considered two separate actions in determining prevailing party status and in calculating fees and costs, see, e.g., Plyer v. Evatt,

902 F.2d 273, 280-81 (4th Cir. 1990), the results of the instant litigation -- dismissal for improper venue -- did not advance the plaintiffs' ultimate goal (obtaining back wages) and this action did not, nor could it, in any way seek "to preserve [the] fruits" of a prior judgment, id. at 281, as it was dismissed prior to initiation of the Middle District litigation. See Arvinger v. Mayor & City Council of Balt., 31 F.3d 196, 202 (4th Cir. 1994). To our knowledge, no court has ever held that prevailing party status in a subsequent action can relate back to a prior lawsuit dismissed on procedural grounds. Showell prevailed in the instant litigation because it successfully obtained a favorable disposition of this case; any claim the appellants may have for recovery of costs and/or fees in the Middle District action can be adequately dealt with by the district court for the Middle District of North Carolina.

CONCLUSION

For the reasons stated herein, we affirm the judgment of the district court.

AFFIRMED.

MICHAEL, Circuit Judge, dissenting:

The system has broken down in this case. Through court-approved mediation, defendant Showell Farms, Inc. and the named and consent-

_____

*Pursuant to the Middle District settlement, the parties submitted a fee petition to the district court for the Middle District of North Carolina. That court stayed action on the fee petition pending the resolution of this appeal.

6

ing party plaintiffs reached a settlement of actions in the Eastern and Middle Districts of North Carolina. Thirty-four consenting party plaintiffs who were parties only to the Eastern District action recovered damages as a result of that settlement; they are, therefore, the "prevailing party" in the Eastern District action, entitled to reasonable attorneys' fees and costs. Yet, despite the settlement, costs were assessed against the Eastern District plaintiffs, even though the Eastern District action was still pending as a result of a Rule 59(e) motion to alter or amend an order of dismissal for lack of venue. Because the settlement transformed the Eastern District plaintiffs from potential losers to prevailing parties and because this court should be in the business of encouraging and giving effect to mediated settlements, I respectfully dissent.

I.

The Eastern District action was still pending at the time of the global settlement on February 8, 1995. It was still pending because the plaintiffs had filed a timely (and still undecided) Rule 59(e) motion to alter or amend the order dismissing the action for improper venue. See Fed. R. App. P. 4(a)(4)(C).

After the Middle District action was filed, the district court there entered a pretrial order which allowed the parties to agree to early mediation.[1] The parties then agreed to mediate, and on February 8, 1995, a settlement was reached on all claims in both the Middle District action and the Eastern District action. As the settlement agreement provides:

> Defendant will pay to the named Plaintiffs the total gross sum of $8,500.00. The Defendant will pay to all consenting party Plaintiffs in the Middle District Action (Molina et al. v. Showell Farms, Inc.) and the Eastern District Action (Pacas et al. v. Showell Farms, Inc.) the total gross sum of $33,000.00. . . .

_____

[1] Middle District of North Carolina Local Rule 205 provides that the parties shall conduct a mediated settlement conference some time during discovery. Pursuant to subsection (a), the parties may agree to early mediation near the beginning of discovery.

7

\* \* \*

> Plaintiffs' counsel will provide detailed time records and a summary of their claim for costs and attorneys' fees. The parties will then negotiate in good faith regarding reasonable attorneys' fees and costs. If the parties are unable to agree, Plaintiffs' counsel may seek an award of attorneys' fees in the appropriate forum.

\* \* \*

> Dismissal with prejudice in the Eastern District case and in the Middle District case will be filed after the attorneys' fees issue is resolved by the court or by stipulation of the parties.

By February 15, 1995, the district court in the Eastern District had been notified of the settlement. The district court there, however, ignored the settlement and on March 8, 1995, held that Showell Farms prevailed in the action before it, and awarded costs to Showell Farms. The court also denied the plaintiffs' Rule 59(e) motion.

On April 3, 1995, the Eastern District plaintiffs filed a motion under Rule 60(b) seeking relief from the March 8 order. The plaintiffs argued that in light of the settlement agreement they were the "prevailing party" and sought to have the award of costs vacated. The district court disagreed and held that the plaintiffs were not the prevailing party in the Eastern District action because the action had been dismissed for improper venue. The district court also held that the plaintiffs had yet to achieve prevailing party status in the Middle District action because the proposed settlement was not yet final and because "the proposed settlement, which leaves open the question of fees and costs associated with [the Middle District action], does not mandate a finding that plaintiffs are the `prevailing party' in [the Middle District action]."

The record establishes that the settlement agreement was not "proposed" when it was entered into on February 8, 1995, while the Eastern District action was still on the docket. Instead, the agreement was binding from its inception, and it has been fully executed, except for the issue of attorneys' fees and costs.

8

II.

With all respect to the majority, it is clear that the district court in Eastern District abused its discretion in refusing to give effect to the parties' settlement agreement. The express terms of the agreement settled both the Middle District action and the Eastern District action. The agreement gave substantial monetary relief to plaintiffs who were parties only to the Eastern District action. As a matter of law, the plaintiffs are therefore the "prevailing party" in the Eastern District action and are entitled to both reasonable attorneys' fees and costs. Farrar v. Hobby, 113 S. Ct. 566, 573 (1992) (to qualify as a prevailing party, "[t]he plaintiff must obtain an enforceable judgment from whom fees are sought, or comparable relief through a consent decree or settlement") (emphasis added; citations omitted).

Moreover, the majority fails to offer any good reason for upholding the district court's decision. Instead, it focuses on the irrelevant fact that the dismissal order was entered in the Eastern District prior to the time the settlement was reached and states that "no court has ever held that prevailing party status in a subsequent action can relate back to a prior law suit dismissed on procedural grounds." Ante at 6. What, of course, the majority ignores is the fact that the parties entered into the settlement agreement while the Eastern District action was still pending by virtue of the plaintiffs' Rule 59(e) motion. Thus, even though the district court had entered an order dismissing the action for improper venue, the settlement does not "relate back to a prior law suit"--rather, it disposes of a pending law suit. **2**

_____

**2** In addition, the majority is incorrect in saying that the Eastern District action "did not advance the plaintiffs' ultimate goal (obtaining back wages) . . . ." Id. For one thing, the Eastern District action did in fact advance the ultimate goal of the plaintiffs who were parties to that action. Pursuant to the settlement, they obtained back wages as consideration for dismissal of the Eastern District action with prejudice. Also, discovery obtained in the Eastern District action was used by plaintiffs in the Middle District action. The discovery obtained in the Eastern District therefore helped to achieve the mediated settlement, thus advancing the ultimate goal of all the plaintiffs.

9

Furthermore, the parties themselves acknowledged that the Eastern District action had not yet concluded. The settlement agreement specifically states that it would put an end to the actions in <u>both</u> the Middle District and the Eastern District "after the attorneys' fees issue is resolved by the court or by stipulation of the parties." Accordingly, while I do not dispute that in the absence of the settlement agreement Showell Farms would be the prevailing party in the Eastern District action, Showell Farms gave away its prevailing party status when it agreed to settle both the Middle District and the Eastern District actions. It gave away its "win" so to speak. That was Showell Farm's decision and, if it made a bad one, it is not for us to correct.

Finally, the Middle District of North Carolina has a commendable mediation program designed to provide "an informal process conducted by a mediator with the objective of helping the parties reach a mutually acceptable settlement of their dispute." M.D.N.C. Loc. R. 601.**3** This program should be encouraged. Indeed, global settlements, through mediation, of all actions involving the parties should be encouraged. This is exactly what the mediator was able to achieve here. Yet, the majority has chosen to override a good bit of what the mediator accomplished. I do not see any basis for that result.

III.

In sum, I would reverse the judgment of the district court to the extent that it recognizes Showell Farms as the prevailing party, and I would hold that the plaintiffs achieved prevailing party status in the Eastern District action as a result of the mediated settlement. Accordingly, I would also vacate the district court's award of costs to Showell Farms and remand the action to the district court for a determination of reasonable attorneys' fees and costs to be awarded to the plaintiffs.

_____

**3** Practicing lawyers and law school faculty members agree to serve on the panel of mediators. <u>Id.</u> at 603(a).

10